JOSEPH M. SWEENEY, ESQ. (78363)
SCOTT A. MANGUM, ESQ. (260758)
M. JONATHAN ROBB, JR., ESQ. (290457)
**SWEENEY MASON LLP**
983 University Avenue, Suite 104C
Los Gatos, CA 95032-7637
Telephone: (408) 356-3000
Facsimile: (408) 354-8839

Attorneys for RANGER CONSTRUCTION, INC.,
JOHN DONOVAN AND JULIETTE DONOVAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.W. McCLENAHAN CO., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MECHANICAL TECHNOLOGIES CORP., DBA MTECH CORP., DBA ALPINE AIR HEATING & AIR CONDITIONING, a Nevada corporation; et al.,<br><br>Defendants.<br><br>AND RELATED CROSS ACTIONS | CASE NO. 4:19-cv-08396-YGR<br><br>**QTFGT'I TCPVKPI 'STIPULATION ~~AND [PROPOSED] ORDER~~ RE STAY OF CASE AND VACATING OF CASE MANAGEMENT CONFERENCE PENDING THE COURT'S ORDER ON THE THREE PENDING MOTIONS PRESENTLY SUBMITTED FOR DECISION** |

　　　　Pursuant to Paragraph 3 of Judge Rogers' Standing Order in Civil Cases, the parties to this action, by and through their respective counsel of record, hereby stipulate as follows seeking a change in the Court's calendar and schedule:

　　　　WHEREAS, there are three competing motions currently pending before this Court. (Dkts. Dkts. 12, 15, 18.) By way of the motions, the parties argue that this action should either be transferred to U.S. Bankruptcy Court in Nevada, or remanded to California State Court.[1] The motions are fully

///

---

[1] The motions and all briefing in opposition to or in support of those motions include the following: 12, 15, 18, 19, 20, 24, 26, 29, 33, 34, 36, 37.

**QTFGT'I TCPVKPI 'STIPULATION ~~AND ORDER RE~~ STAY OF CASE**　　　　1

briefed. (*Id.*) The motions have been taken under submission by the Court, and the hearing date stricken. (Dkt. 40.) The parties await a decision at the Court's convenience.

WHEREAS, when this Action was removed from State Court, certain deadlines were automatically imposed. Among those are an ADR requirement, an initial case management conference, and related Federal Rules of Civil Procedure, Rule 26, deadlines. In particular, the initial Case Management Conference is set for March 30, 2020.

WHEREAS, the parties agree that the U.S. District Court for the Northern District of California is not the proper jurisdiction to ultimately hear this Action. That is, the parties dispute only whether a bankruptcy court in Nevada, or California state court, is the appropriate jurisdiction.

WHEREAS, a bankruptcy stay is in effect. The parties dispute the extent and scope of the stay, but agree that it applies to at least actions against Mechanical Technologies.

WHEREAS, the parties agree that it is appropriate to stay this Action and vacate all further hearing dates until (1) a decision by the Court on the above three motions, and, (2) if at least one of the motions is granted, the matter is transferred or remanded to the appropriate jurisdiction.

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE and request that the Court grant the [Proposed] order:

(1)  Stay the Action, including all Case Management obligations required under the Local Rules of the United States District Court for the Northern District of California and FRCP 26 until such time that the Court issues its Order on Plaintiff's Motion to Remand, M.Donovan's Motion to Remand, and, Debtor Mechanical Technology's Venue Transfer Motion;

(2)  Vacate the March 30, 2020 Case Management Conference currently on calendar;

(3)  If this Court transfers or remands this Action pursuant to the above-mentioned motions, the stay imposed by this Order is lifted upon the transfer or remand; and,

///
///
///
///
///

1       (4) If this Court denies all three above-referenced motions and retains jurisdiction over this

2 Action, the instant stay imposed by this Order is immediately lifted, and all deadlines reset pursuant to

3 further order of the court, any applicable law, or any further stipulation of the parties.

4 Dated: March 13, 2020          McINERNEY & DILLON, P.C.

5

                               By: /s/ Brian M. Junginger
6                                WILLIAM H. McINERNEY, Jr., ESQ.
                               BRIAN M. JUNGINGER, ESQ.
7                                Attorneys for Plaintiff J.W. McCLENAHAN CO.

8 Dated: March 13, 2020          ROBISON, SHARP, SULLIVAN & BRUST

9

                               By: /s/ Michael A. Burke
10                               MICHAEL A. BURKE, ESQ.
                               HANNAH E. WINSTON, ESQ.
11                               Special Counsel for Mechanical Technologies Corp.
                              dba Alpine Air
12

13 Dated: March 13, 2020          MESSNER REEVES LLP

14

                               By: /s/ Jon B. Zimmerman
15                               JON B. ZIMMERMAN, ESQ.
                               GREG B. COHEN, ESQ.
                               JULIAN PARDO DE ZELA, ESQ.
16                               Attorneys for Defendants and Cross-Complainants Michael
                               and Regina Donovan
17

18 Dated: March 13, 2020          SWEENEY MASON LLP

19

                               By: /s/ Joseph M. Sweeney
20                               JOSEPH M. SWEENEY, ESQ.
                               SCOTT A. MAGNUM, ESQ.
21                               M. JONATHAN ROBB, Jr., ESQ.
                               Attorneys for Defendants Ranger Construction, Inc and John
                               and Juliette Donovan
22

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS ORDERED**:

(1) This Action is **STAYED**, including all Case Management obligations required under the Local Rules of the United States District Court for the Northern District of California and FRCP 26 until such time that this Court issues its Order on Plaintiff's Motion to Remand, M. Donovan's Motion to Remand, and, Debtor Mechanical Technology's Venue Transfer Motion (hereinafter the "Pending Motions");

(2) The March 30, 2020 Case Management Conference is hereby **VACATED**;

(3) If this Court transfers or remands this Action pursuant to the above-mentioned motions, the stay imposed by this Order is lifted upon the transfer or remand; and,

(4) If this Court denies all three above-referenced motions and retains jurisdiction over this case, the instant stay imposed by this Order is immediately lifted, and all deadlines reset pursuant to further order of the court, any applicable law, or any further stipulation of the parties.

**IT IS SO ORDERED**.

Dated: March 18, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

ORDER RANTING STIPULATION ~~AND ORDER RE~~ STAY OF CASE

4