**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **J.W. MCCLENAHAN CO.**, <br><br> Plaintiff, <br><br> v. <br><br> **MECHANICAL TECHNOLOGIES CORP., ET. AL.**, <br><br> Defendants. | Case No.: 4:19-cv-08396-YGR <br><br> **ORDER: (1) DENYING MOTIONS TO REMAND; AND (2) GRANTING MOTION TO TRANSFER VENUE** <br><br> Re: Dkt. Nos. 12, 15, 18 |

The Court is in receipt of two motions for remand back to the Santa Clara Superior Court and a motion to transfer. For the reasons set forth below, the motions for remand are **DENIED** and the motion to transfer is **GRANTED**.

In short, this action concerns claims to enforce independent guaranties for alleged failures by subcontractor Mechanical Technologies, Inc. ("MTech") arising out of a construction project based in Reno, Nevada. Plaintiff J.W. McClenahan sued not only MTech, but Ranger Construction, Inc. ("Ranger") and four individuals. (*See generally* Dkt. No. 1-1 (complaint).) MTech filed for bankruptcy and despite a stay having issued in the state court action, it removed the action here. 28 U.S.C. § 1452.[1] Plaintiff and two individual defendants seek to return to state

---

[1] The parties dispute whether MTech itself can remove an action after the issuance of a bankruptcy stay. The Court finds as a technical matter that a debtor can. *See Worldview Entm't Holdings, Inc. v. Woodrow*, 611 B.R. 10, 15 (S.D.N.Y. 2019) ("The stay provision covers only "the commencement or continuation, including the issuance or employment of process" of any judicial proceedings. 11 U.S.C. § 362(a)(1). . . . [The] removal of an action from state court does not, in and of itself, qualify as the "commencement or continuation" of a judicial proceeding, and is not subject to the automatic stay."). Moreover, "the automatic stay does not prevent this Court from addressing the motion[s] to remand and the cross-motion to transfer this action because they do not relate to the 'commencement o[r] continuation' of a judicial proceeding." *Id.* J.W. McClenahan's authority to the contrary do not persuade, where such authority concerns the removal to federal court by non-debtors. *See, e.g.*, *In re Hoskins*, 266 B.R. 872, 874 (Bankr. W.D. Mo. 2001) (creditor tried to remove case); *Phillips v. Fed. Deposit Ins. Corp. (In re Phillips)*, 124 B.R. 712, 716 n.7

court. (Dkt. Nos. 15, 18.) MTech moves for transfer to the Nevada bankruptcy court. (Dkt. No. 12.) Ranger and the other two individual defendants are satisfied with a variety of options. Each support their position with authorities focused on technical procedures or equitable considerations.

The standards for removal are not in dispute. A civil case brought in state court over which a federal district court has original jurisdiction may be removed to the federal court in the district where the action is pending, pursuant to 28 U.S.C. § 1441(a). The statute is to be strictly construed against removal jurisdiction. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). The "strong presumption" against removal "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of showing jurisdiction falls on the party asserting jurisdiction. *Indus. Techtonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

To resolve the competing claims, the Court understands the fundamental principle that federal courts are courts of limited jurisdiction and, as noted, the strong presumption is against removal. MTech claims that the dispute at hand is core to the bankruptcy proceeding in large part because the parties filed claims in the bankruptcy itself. The underlying complaint asserts the first two claims against MTech (breach of contract and common counts) plus a claim for negligence and two more claims for indemnification against Ranger and the individual defendants. The Court finds that the claims, especially in the construction context, are intimately intertwined.

Given that the filing of the proof of claim in the bankruptcy subjects the claim to the bankruptcy court's jurisdiction, *see In re Conejo Enters., Inc.*, 96 F.3d 346, 354 (9th Cir. 1996) ("Once [party] filed its proof of claim, it subjected its claim to the core jurisdiction of the bankruptcy court."), the Court agrees that the filing extends to the interrelated actions, namely those for indemnification. *See In re G.I. Indus., Inc.,* 204 F.3d 1276, 1279-80 (9th Cir. 2000) (citing *Continental Nat'l Bank v. Sanchez (In re Toledo),* 170 F.3d 1340, 1349-50 (11th Cir.1999) (stating

---

(Bankr. W.D. Tex. 1991) (FDIC sought removal); *Matter of Thomas McKinnon, Inc.*, 130 B.R. 721, 724 (Bankr. S.D.N.Y. 1991) (creditor sought removal). *See also Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997) ("[Non-debtor party] could not remove the state court proceeding until the bankruptcy court officially lifted the automatic stay.").

Case 4:19-cv-08396-YGR   Document 45   Filed 04/21/20   Page 3 of 4

that a proof of claim is within the bankruptcy court's jurisdiction even if the underlying claim is based on state law)); *Wood v. Wood (In re Wood),* 825 F .2d 90, 97 (5th Cir.1987) ("[A] claim filed against the estate is a core proceeding because it could arise only in the context of a bankruptcy."). *See also In re Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2013) ("A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy.").[2]

With respect to the arguments that the Court remand the action on equitable grounds, the court considers those simultaneously with the motion for transfer because the considerations overlap. Principles of judicial economy and efficiency weigh heavily in favor of transfer. This action is properly here because of its core connection to the bankruptcy case. The facts giving rise to the dispute occurred in Reno. Some party and non-party witnesses and all the construction-related evidence are based in Reno. The construction site itself is in Reno. Further, according to the underlying complaint, the indemnification agreements were required by Nevada law. Nevada law applies. While the preferred forum of the plaintiff is a consideration, it is not dispositive, especially where, as here, plaintiff has connections to the Nevada forum. California has little interest in this case while Nevada's interest is significant. On balance, virtually all factors weigh in favor of transfer.

Accordingly, the motions to remand are **DENIED** and the motion for a transfer is **GRANTED.** The Court finds that the action was timely removed. Pursuant to 28 U.S.C. § 1409(a) the proper venue for the action is the United States Bankruptcy Court in Reno, Nevada. Pursuant to 28 U.S.C. §§ 1409 and 1412, this action is **HEREBY TRANSFERRED** thereto as a related case to the Debtor's Chapter 11 proceeding.

---

[2] J.W. McClenahan and individual defendants Michael Donovan and Mary Regina Donovan ("M-Donovans") further aver that the Court should remand the case back to Santa Clara Superior Court under the mandatory abstention doctrine. (*See* Dkt. Nos. 15 at 11-12, 18 at 18-19.) These arguments regarding the mandatory abstention doctrine do not persuade. Ninth Circuit authority is clear that "[a]bstention can exist only where there is a parallel proceeding in state court." *In re Lazar*, 237 F.3d 967, 981 (9th Cir. 2001). *See also Sec. Farms*, 124 F.3d at 1009-10 (same). Indeed: although still requesting the Court's abstention, M-Donovans concede that Ninth Circuit law makes clear that the mandatory abstention doctrine does not apply in circumstances like here – where the entire case has been removed and there are no parallel proceedings.

3

The Clerk of the Court is directed to **TRANSFER** this action to the United States Bankruptcy Court in Reno, Nevada.

This Order terminates Docket Numbers 12, 15, and 18.

**IT IS SO ORDERED**.

Dated: April 21, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**